FILED

2015 JUN -2 PM 4:42

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　CASE NO. 8:15-CR 187 T 30TBM

SAMUEL DESHAWN PRIESTER

18 U.S.C. § 1029(a)(5)
18 U.S.C. § 1028A
18 U.S.C. § 1343
18 U.S.C. § 982(a)(2)(B)(Forfeiture)
18 U.S.C. § 1029(c)(1)(C)(Forfeiture)

SEALED

### INDICTMENT

The Grand Jury charges:

#### A. Introduction

At all times material to this Indictment:

1. The term "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

2. A credit card or debit card is an "access device." A credit card is a thin plastic card, usually 3-3/8 inches by 2-1/8 inches that contains identification information and authorizes the person named on the credit card to make charges



for which he or she will be billed periodically by the card issuer. A debit card looks, acts, and contains the same information as a credit card, but withdraws the money immediately from the card holder's affiliated bank account or if it is a prepaid Debit card, money or funds are loaded onto the card, and can be used to deposit tax refunds from electronically filed tax returns, and are issued by companies like NetSpend, headquartered in Texas, and AccountNow headquartered in California.

3. Each credit or debit card account has a unique number issued to it. A credit card or debit card account number is also an "access device." Credit card and debit card issuers, and some federally insured banks and credit unions, place personal information on each card by physically stamping or embossing information such as the account number, the account holder's name, and the expiration date for the account.

4. The term "unauthorized access device" means any access device, including a credit card, debit card, credit card number, or debit card number that is lost, stolen, expired, revoked, canceled, or obtained with the intent to defraud.

5. The term "means of identification" includes any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any access device. A credit card or debit card account number is a means of identification. In connection with filing a tax return, a social security number is a means of identification.

6. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States, including the assessment and collection of taxes owed by its citizens and other entities.

### COUNTS ONE THROUGH FIVE
Wire Fraud
(18 U.S.C. §1343)

7. The Grand Jury hereby realleges Paragraphs 1 through 6 of Count One of this Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

### The Scheme

8. Beginning in or about September 2011, and continuing thereafter, through and including at least February 2012, in the Middle District of Florida and elsewhere,

SAMUEL DESHAWN PRIESTER,

defendant herein, with others known and unknown to the Grand Jury, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud, for the purpose of obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, and did transmit and cause to be transmitted, and aid and abet the transmission, by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing said scheme and artifice to defraud.

## Manner and Means of Scheme

9. The substance of the scheme and artifice included, among other things, the following:

   a) It was part of the scheme and artifice that the defendant and others, would and did devise a scheme to obtain or help others to obtain payment of false claims for refunds from the IRS by electronically filing, in the names of other individuals, and by causing others to electronically file, without the knowledge or permission of those individuals, false 2011 federal income tax returns claiming refunds on behalf of the those individuals, to which the defendants and others were not entitled.

   b) It was further part of the scheme and artifice that defendant and others, would and did obtain and cause to be obtained personal information, including names and social security numbers for individuals without authorization, and then would and did use that personal information, to prepare, and to cause to be prepared, fraudulent federal income tax returns falsely claiming refunds.

   c) It was further part of the scheme and artifice that defendant and others, would and did obtain and cause to be obtained prepaid debit cards through the mail, from NetSpend and AccountNow, and from other debit card companies to addresses under the control or access of defendant and others for the purpose of loading fraudulent tax refunds from fraudulent tax returns filed in the names of other individuals without their

authorization.

d) It was further part of the scheme and artifice that defendant and others, would and did receive the fraudulent tax refund proceeds on prepaid debit cards, such refunds being based upon the materially false and fraudulent federal income tax returns that the defendant, and others, prepared and caused to be prepared and filed and caused to be electronically with the IRS who would wire the funds to NetSpend and AccountNow from IRS service centers.

e) It was further part of the scheme and artifice that defendant and others would and did use and direct the fraudulent tax refunds to debit cards to obtain cash and goods for his own use and benefit and for the use and benefit of others.

f) It was further a part of the scheme and artifice that the defendant and others would and did conduct these activities in a manner calculated to conceal and cover-up this fraud scheme and to deceive the IRS and debit card companies.

Execution of the Scheme

10. On or about the dates set forth below, in the Middle District of Florida and elsewhere, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, defendant did cause to be transmitted by means of wire communication in interstate commerce the following electronically filed federal income tax returns from the IRS to the following debit cards:

| Count | Interstate Wire Date | Individual | Nature & Location of Wire | Amount of Refund Claimed |
|---|---|---|---|---|
| One | 01/26/2012 | VC | IRS Regional Financial Center in San Francisco, CA to NetSpend debit card in name of VC through the Federal Reserve Bank in NY | $6,439.00 |
| Two | 01/29/2012 | JG | IRS Regional Financial Center in San Francisco, CA for tax refund for JD to NetSpend debit card in name of JG through the Federal Reserve Bank in NY | $6581.00 |
| Three | 01/26/2012 | JT | IRS Regional Financial Center in San Francisco, CA to NetSpend debit card in name of JT through the Federal Reserve Bank in NY | $6563.00 |
| Four | 01/20/2012 | ET | IRS Regional Financial Center in San Francisco, CA to NetSpend debit card in name of ET through the Federal Reserve Bank in NY | $6293.00 |
| Five | 01/25/2012 | JV | IRS Regional Financial Center in San Francisco, CA to AccountNow debit card in name of JV through the Federal Reserve Bank in NY | $6427.00 |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIX THROUGH TEN
### Access Device Fraud
### (18 USC § 1029(a)(5))

11.    On or about the following dates, in Manatee County, Florida, in the Middle District of Florida and elsewhere,

SAMUEL DESHAWN PRIESTER,

defendant herein, did knowingly and with intent to defraud, effect transactions and aid and abet transactions with access devices issued to other persons, in the names and amounts described below, and receive payments and other things of

aggregate value greater than $1000 during a one-year period from the IRS on the dates listed below:

| Count | Date | Victim | Description |
| --- | --- | --- | --- |
| Six | 01/26/2012 | VC | IRS deposit of tax refund to VC of $6,439.00 to NetSpend debit card in name of VC |
| Seven | 01/29/2012 | JG | IRS deposit of tax refund to JD of $6581.00 to NetSpend debit card in name of JG |
| Eight | 01/26/2012 | JT | IRS deposit of tax refund to JT of $6563.00 to NetSpend debit card in name of JT |
| Nine | 01/20/2012 | ET | IRS deposit of tax refund to ET of $6293.00 to NetSpend debit card in name of ET |
| Ten | 01/25/2012 | JV | IRS deposit of tax refund to JV of $6427.00 to AccountNow debit card in name of JV |

All in violation of 18 U.S.C. 1029(a)(5) and 2.

## COUNTS ELEVEN THROUGH FIFTEEN
### Aggravated Identity Theft
### (18 U.S.C. §1028A)

12.   On or about the following dates, in Hillsborough County, Florida, in the Middle District of Florida and elsewhere,

SAMUEL DESHAWN PRIESTER,

defendants herein, did knowingly transfer, possess and use, without lawful authority, a means of identification listed below for the following victims referred to by their initials, during and in relation to a felony violation relating to wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Counts One through Five and relating to access device fraud, in violation of 18 U.S.C.

7

§ 1029(a)(5), as charged in Counts Six through Ten of the Indictment:

| Count | Date | Victim | Description of debit card account and demand deposit account number (DDA) |
|---|---|---|---|
| Eleven | 11/22/2011 | VC | NetSpend debit card ending in x2401 (DDA ending in x0473 titled to VC) |
| Twelve | 01/09/2012 | JG | NetSpend debit card ending in x6255 (DDA ending in x5057 titled to JG) |
| Thirteen | 11/22/2011 | JT | NetSpend debit card ending in x6786 (DDA ending in x4763 titled to JT) |
| Fourteen | 12/15/2011 | ET | NetSpend debit card ending in x3926 (DDA ending in x2141 titled to ET) |
| Fifteen | 09/26/2011 | JV | AccountNow debit card ending in x2529 (DDA ending in x1318 titled to JV) |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE

1.      The allegations contained in Counts One through Five and Six through Ten of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C).

2.      Upon conviction of the violations alleged in One through Five, the defendant,

8

SAMUEL DESHAWN PRIESTER,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. Upon conviction of the violations alleged in Six through Ten, the defendant,

SAMUEL DESHAWN PRIESTER,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds he obtained directly or indirectly, as a result of the violations, and, pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

4. The specific property to be forfeited includes, but is not limited to, a forfeiture money judgment of at least $32,303, representing the proceeds of the offenses listed in Counts One through Five and Six through Ten.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2) and Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
KELLEY C. HOWARD-ALLEN
Assistant United States Attorney

By: _____
ROBERT A. MOSAKOWSKI
Assistant United States Attorney
Chief, Economic Crimes Section

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

SAMUEL DESHAWN PRIESTER

## INDICTMENT

Violations:

18 U.S.C. §§ 1029(a)(5), 1028A, 1343

A true bill,

_____
Foreperson

Filed in open court this 2nd day

of June, 2015.

_____
Clerk

Bail  $_____

GPO 863 525